1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERTO FRANCISCO MENDOZA,

Petitioner,

v.

LUIS MARTINEZ,[1]

Respondent.

Case No.  21-cv-05045-EMC

**ORDER (1) DENYING PETITIONER'S IMPLIED MOTION FOR RECONSIDERATION, AND  (2) GRANTING RESPONDENT'S MOTION TO DISMISS**

Docket Nos. 6, 9, 10

## I.      INTRODUCTION

Roberto Francisco Mendoza, an inmate currently housed at the Correctional Training Facility, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *See* Docket No. 1-2 ("Petition").  Having reviewed the parties' briefs as well as the underlying record, the Court concludes that Mr. Mendoza is not entitled to habeas relief based on the claims presented for the reasons raised in Respondent's Dismissal Motion.  Accordingly, the Court **DENIES** Mr. Mendoza's petition for writ of habeas corpus.

## II.      BACKGROUND

Mr. Mendoza was convicted in Monterey County Superior Court of the sexual assault of multiple teenage girls, all under the age of 14.  *See* Docket No. 31 at 1-5, *Mendoza v. Holland*, Case No. 15-cv-5620-EMC (N.D. Cal. Jan. 22, 2018) (summarizing conviction background).  In all, "Mr. Mendoza was convicted of eleven counts of committing a lewd or lascivious act on a child under 14 years of age."  *Id*. at 5.  "He was sentenced to 45 years to life plus 18 years in

---

[1] The Clerk is directed to substitute Luis Martinez on the docket as the respondent in this action.

United States District Court
Northern District of California

1   prison." *Id*.

2       In 2015, Mr. Mendoza filed a federal habeas petition challenging this conviction. *See*

3   *generally, id*. The Court denied relief as to Counts 1-5. *See id*. at 36. The Court concluded that

4   relief was warranted as to Counts 6-11, *see id*. at 1, 39, 47, and vacated Mr. Mendoza's conviction

5   on those counts with instructions to "the State of California [to] re-institute criminal proceedings

6   on those charges against Mr. Mendoza or seek resentencing in light of the convictions on Counts

7   6-11 having been vacated," *id*. at 47.

8       Upon the re-institution of criminal proceedings in Monterey County Superior Court, Mr.

9   Mendoza claims that the prosecutor "added and increased criminal charges" as an act of vindictive

10  prosecution. Pet. at 10. Mr. Mendoza pleaded guilty to seventeen counts of lewd acts upon a

11  child and sexual penetration of a child. *See id*. at 18-21. In exchange for pleading guilty, Mr.

12  Mendoza was sentenced to "a total term of imprisonment of forty years." *Id*. at 4. The plea

13  agreement signed by Mr. Mendoza states that, had Mr. Mendoza been found guilty on all

14  seventeen counts, he could have been sentenced to a total term of imprisonment of "90 years to

15  life plus 20 years." *Id*. at 23. Indeed, it appears from the plea agreement that, even if the

16  prosecutor had reinstated only Counts 6-11, Mr. Mendoza would have faced the possibility of 56

17  years imprisonment but for his plea deal.[2] *See id*. at 22 (showing that the maximum penalty for

18  each of counts 1-11 was eight years, to be served consecutively); *see also* Cal. Penal Code

19  § 288(a) ("[A] person who willfully and lewdly commits any lewd or lascivious act, . . . upon or

20  with the body, or any part or member thereof, of a child who is under the age of 14 years, . . . is

21  guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight

22  years.").

23       In his plea agreement, Mr. Mendoza "agree[d] to give up all [his] rights regarding both

24

25  _____

26  [2] As noted above, the Court upheld Mr. Mendoza's convictions for Counts 1-5. The plea
    agreement reflects an imprisonment term of sixteen years for those counts. *See* Pet. at 18-19.

27  Assuming Mr. Mendoza would not have been re-sentenced on Counts 1-5, but would receive the
    maximum sentence of eight consecutive years for each of Counts 6-11, he faced a possible term of
    imprisonment of fifty-six years. *See id*. at 18-21. If Mr. Mendoza were eligible for resentencing

28  at the maximum term of eight years for each of Counts 1-11, he would have faced a possible term
    of imprisonment of eighty-eight years. *See id*.

2

state and federal writs and appeals." Pet. at 23. He expressly "agree[d] not to file any collateral attack (example: Writ of Habeas Corpus, Motion pursuant to P.C. § 1016.5, etc[.]) on [his] conviction or sentence at any time in the future." *Id.* Mr. Mendoza was re-sentenced on August 13, 2019. *See id.* at 1.

Following his re-sentencing, Mr. Mendoza filed a habeas petition in Monterey County Superior Court, which was denied. *See* Pet. at 2-3 (chronicling Mr. Mendoza's attempts to attack his plea deal). In the habeas proceedings, the Monterey County Superior Court found that Mr. Mendoza had waived his habeas claim by failing to raise it in the trial court. *See* Pet. at 28. Mr. Mendoza appealed this denial to the Sixth Appellate District and to the California Supreme Court, both of which denied his state habeas petition without additional comment. *See id.* at 30, 31.

Mr. Mendoza sought permission from the Ninth Circuit to file a second-or-successive federal habeas petition. *See* Docket No. 1-1. The Ninth Circuit concluded that, because Mr. Mendoza had not previously filed a federal habeas petition attacking his resentencing, the request was unnecessary. *See id.* The Ninth Circuit transferred the instant Petition to this Court, with a deemed filing date of April 28, 2021. *See id.*

This Court screened the Petition pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases, dismissed three of Mr. Mendoza's claims, and ordered Respondent to address the remaining claim. *See* Docket No. 5 ("Screening Order").

Respondent moved to dismiss the Petition. *See* Docket No. 9 ("MTD" or "Dismissal Motion"). Petitioner opposed Respondent's motion, *see* Docket No. 10 ("Opposition"), and Respondent filed a reply, *see* Docket No. 11 ("Reply").

### III.    DISCUSSION

A.    Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), this Court may entertain a petition for writ of habeas corpus brought by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). This Court may not grant a petition with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1)

1   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

2   established Federal law, as determined by the Supreme Court of the United States; or (2) resulted

3   in a decision that was based on an unreasonable determination of the facts in light of the evidence

4   presented in the State court proceeding." 28 U.S.C. §2254(d).

5        "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court

6   arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if

7   the state court decides a case differently than [the] Court on a set of materially indistinguishable

8   facts." *Williams v. Taylor*, 529 U.S. 362, 412-413 (2000). "Under the 'unreasonable application'

9   clause, a federal habeas court may grant the writ if the state court identifies the correct governing

10   legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of

11   the prisoner's case." *Id.* at 413.  Additionally, "[a] federal habeas court may not issue the writ

12   simply because that court concludes in its independent judgment that the relevant state-court

13   decision applied clearly established federal law erroneously or incorrectly.  Rather, the application

14   must also be unreasonable." *Id.* at 411.  A federal habeas court making the "unreasonable

15   application" inquiry should ask whether the state court's application of clearly established federal

16   law was "objectively unreasonable." *Id.* at 409.  Finally, habeas relief is warranted only if the

17   constitutional error at issue had a "substantial and injurious effect or influence in determining the

18   jury's verdict." *Penry v. Johnson*, 532 U.S. 782, 796 (2001).

19   B.   Claim 1 Still is Not Cognizable

20        Mr. Mendoza's first claim is that a subsequent change in California law renders his plea

21   agreement "unconstitutional and invalid." Pet. at 8.  Specifically, Mr. Mendoza contends that,

22   "with the governor signing passage of A[ssembly] B[ill] No. 1618, adding sec[tion] 1016.8 to the

23   Penal Code, [Mr. Mendoza's plea agreement is] void as against public policy." *Id.*  The Court

24   found in the Screening Order that this claim was not cognizable because it relies on a change in

25   state law.  *See* Screening Order at 3-4.  The Court therefore dismissed Claim 1.  *See id.*

26        In an attachment to his Opposition to Respondent's Dismissal Motion, Mr. Mendoza

27   argues that Claim 1 should not have been dismissed.  *See* Opp. at 5.  Specifically, Mr. Mendoza

28   argues that Claim 1 is cognizable because "the California law [] specifically cite[s] federal law."

United States District Court
Northern District of California

4

*Id.*  This argument is unavailing.

First, Mr. Mendoza's argument in the Opposition only reinforces the Court's conclusion that Claim 1 relies on state, rather than federal, law.  The Petition contends that Mr. Mendoza's plea agreement should be invalidated pursuant to California Penal Code subsection 1016.8(a)(4), *see* Pet. at 8, and the Opposition's only argument that the Court may consider this claim is based on what the "California law" "cite[s]," Opp. at 5.  Notwithstanding what the "California law" "cite[s]," multiple courts have held that California Penal Code Section 1016.8 cannot give rise to a federal habeas claim because it is a state law.  *See, e.g., Solomon v. United States Dist. Ct.*, No. 2:21-CV-00718-JDP(HC), 2021 WL 4924965, at *1 (E.D. Cal. Oct. 21, 2021) (concluding that petitioner had failed to state a cognizable claim based on California Penal Code § 1016.8 because "his claim . . . relates only to state sentencing law"), *report and recommendation adopted,* No. 2:21-CV-00718-JAM-JDP(HC), 2021 WL 6113790 (E.D. Cal. Dec. 27, 2021).[3]

Second, a review of Penal Code Section 1016.8 reveals that it cites federal law only for legal background.  In its entirety, the Penal Code Section 1016.8 provides,

> (a) The Legislature finds and declares all of the following:
> (1) The California Supreme Court held in *Doe v. Harris* (2013) 57 Cal.4th 64 that, as a general rule, plea agreements are deemed to

---

[3] *See also Parker v. Koenig*, No. 5:22-CV-00323-CAS-GJS, 2022 WL 2102861, at *3 (C.D. Cal. May 17, 2022) (same), *report and recommendation adopted,* No. 5:22-CV-00323-CAS-GJS, 2022 WL 2757410 (C.D. Cal. July 13, 2022); *Floyd v. Hill*, No. CV 21-05767-MCS (KS), 2021 WL 5088730, at *5 (C.D. Cal. Sept. 17, 2021) (same), *report and recommendation adopted,* No. CV 21-05767-MCS (KS), 2021 WL 5087055 (C.D. Cal. Nov. 2, 2021); *Watts v. Jaime*, No. CV 19-7415-MCS (AGR), 2020 WL 11629123, at *6 (C.D. Cal. Dec. 23, 2020) (same), *report and recommendation adopted,* No. CV 19-7415-MCS (AGR), 2021 WL 4732919 (C.D. Cal. Jan. 21, 2021); *Hunter-Harrison v. Atchley*, No. 2:20-CV-00592-WBS-CKD, 2020 WL 7239590, at *5 (E.D. Cal. Dec. 9, 2020) (same), *report and recommendation adopted,* No. 2:20-CV-0592-WBS-CKD-P, 2021 WL 616891 (E.D. Cal. Feb. 17, 2021); *Johnson v. California*, No. 2:19-CV-02439-GGH-P, 2019 WL 8648005, at *1 (E.D. Cal. Dec. 30, 2019) (same), *report and recommendation adopted,* No. 2:19-CV-02439-JAM-GGH-P, 2020 WL 2193113 (E.D. Cal. May 6, 2020).  *Cf. Slaughter v. California*, No. 2:20-CV-1552-JAK-JC, 2020 WL 2097746, at *3 (C.D. Cal. Apr. 30, 2020) (concluding that California Penal Code § 1016.8 did not restart petitioner's habeas clock because it is a new state law); *Gilmore v. Hill*, No. 20-CV-2230-WQH-MDD, 2022 WL 1157898, at *3 (S.D. Cal. Apr. 18, 2022) (same), *report and recommendation adopted,* No. 20-CV-2230-WQH-MDD, 2022 WL 2817472 (S.D. Cal. July 19, 2022); *Fletcher v. Sherman*, No. 20-CV-8538-DSF-AGR, 2021 WL 1022863, at *3 (C.D. Cal. Jan. 19, 2021) (same, and further noting that reliance on California Penal Code § 1016.8 presented "state-law questions" for which "federal habeas corpus relief does not lie") (citations omitted), *report and recommendation adopted,* No. 20-CV-8538-DSF-AGR, 2021 WL 979605 (C.D. Cal. Mar. 15, 2021), *certificate of appealability denied,* No. 21-55474, 2021 WL 5146188 (9th Cir. June 17, 2021).

incorporate the reserve power of the state to amend the law or enact
additional laws for the public good and in pursuance of public
policy.  That the parties enter into a plea agreement does not have
the effect of insulating them from changes in the law that the
Legislature has intended to apply to them.
(2) In *Boykin v. Alabama* (1969) 395 U.S. 238, the United States
Supreme Court held that because of the significant constitutional
rights at stake in entering a guilty plea, due process requires that a
defendant's guilty plea be knowing, intelligent, and voluntary.
(3) Waiver is the voluntary, intelligent, and intentional
relinquishment of a known right or privilege (*Estelle v. Smith* (1981)
451 U.S. 454, 471, fn. 16, quoting *Johnson v. Zerbst* (1938) 304
U.S. 458, 464).  Waiver requires knowledge that the right exists
(*Taylor v. U.S.* (1973) 414 U.S. 17, 19).
(4) A plea bargain that requires a defendant to generally waive
unknown future benefits of legislative enactments, initiatives,
appellate decisions, or other changes in the law that may occur after
the date of the plea is not knowing and intelligent.
(b) A provision of a plea bargain that requires a defendant to
generally waive future benefits of legislative enactments, initiatives,
appellate decisions, or other changes in the law that may
retroactively apply after the date of the plea is void as against public
policy.
(c) For purposes of this section, "plea bargain" has the same
meaning as defined in subdivision (b) of Section 1192.7.

Cal. Penal Code § 1016.8 (2020).  The subsection invalidating plea agreements which "waive

unknown future benefits" does not cite to federal law.  *See id*. at § 1016.8(a)(4).  Rather, a plain

reading of the statute reveals that federal law is cited only for the background principle that a plea

agreement must be voluntary, intelligent, knowing, and intentional.  *See id*. at § 1016.8(a)(2)-(3)

(citing cases).  By contrast, the conclusion in subsections (a)(4) and (b) that plea agreements

including certain types of waivers are "not knowing and intelligent" is not a recitation of federal

law, but instead is a statement of a California policy decision to exclude certain waivers from the

definition of "knowing and intelligent."  The Court is aware of no precedent that would allow it to

review a state-law claim merely because the state considered federal law as background to its

policy decision.

Because Claim 1 relies on state law, it is not cognizable and Mr. Mendoza's request for

reconsideration is **DENIED**.

C.      Claim 2 is Procedurally Barred

Mr. Mendoza's second claim is for vindictive prosecution; he argues that the prosecutor

violated his due process rights by bringing additional charges solely to punish Mr. Mendoza for

1    exercising a constitutional or statutory right.  *See* Pet. at 9-10; *see also Bordenkircher v. Hayes*,

2    434 U.S. 357, 363 (1978) (explaining that this constitutes a claim for vindictive prosecution).  The

3    Court found Claim 2 cognizable and ordered Respondent to address it, but noted in the Screening

4    Order that this claim appeared to be procedurally defaulted and may also have been waived by Mr.

5    Mendoza's plea agreement.  *See* Screening Order at 6-7.

6        Respondent moved to dismiss the Petition, arguing that Claim 2 was waived by Mr.

7    Mendoza's plea agreement and that it additionally was procedurally defaulted.  *See generally*,

8    MTD.  The Court agrees that this claim is procedurally defaulted, and so need not reach the

9    argument that it additionally was waived by the plea agreement.

10        1.    The State Court Decision Rests on an Independent and Adequate State Law Ground

11        A federal court will not review a question of federal law decided by a state court if the

12    decision also rests on an "independent and adequate" state law ground.  *Coleman v. Thompson*,

13    501 U.S. 722, 729-30 (1991).  If a state prisoner has defaulted a claim in state court pursuant to an

14    adequate and independent state ground, federal habeas review is barred unless the prisoner can

15    show "cause" for the default and actual prejudice as a result of the alleged violation of federal law,

16    or unless the prisoner can demonstrate that failure to consider the claim will result in a

17    "fundamental miscarriage of justice."  *Id.* at 750.

18        A state procedural bar is "independent" if the state court explicitly invokes the procedural

19    rule as a separate basis for its decision and if the application of the state procedural rule does not

20    depend on a consideration of federal law.  *Vang v. Nevada*, 329 F.3d 1069, 1074-75 (9th Cir.

21    2003) (citing *McKenna v. McDaniel*, 65 F.3d 1483, 1488 (9th Cir. 1995); *Park v. California*, 202

22    F.3d 1146, 1152 (9th Cir. 2000)); *see also Harris v. Reed*, 489 U.S. 255, 265 (1989).  An

23    "adequate" state rule must be "firmly established and regularly followed." *Walker v. Martin*, 131

24    S. Ct. 1120, 1127 (2011) (quoting *Beard v. Kindler*, 130 S. Ct. 612, 618 (2009)); *accord Dugger v.*

25    *Adams*, 489 U.S. 410, 411 n. 6 (1989) (a state rule is consistently applied and well established if

26    the state courts follow it in the "vast majority of cases").

27        Here, the Monterey County Superior Court found that Claim 2 was "waived" because Mr.

28    Mendoza "ha[d] not alleged facts or law that establish the claim was raised in the trial court."

Docket No. 9-13 at 26. The Monterey County Superior Court cited *In re Seaton*, 34 Cal. 4th 193 (2004), for the principle that "'a defendant should not be allowed to raise on habeas corpus an issue that could have been presented at trial.'" *Id.* (quoting *Seaton*, 34 Cal. 4th at 199-200). The Monterey County Superior Court thus invoked California's contemporaneous objection requirement as the basis for its decision,[4] and did not depend on federal law in its application of the state procedural rule. *See id.*; *see also Harris*, 489 U.S. at 265 (extending to habeas review the "plain statement" rule for determining whether a state court has relied on an independent and adequate state ground); *Vang*, 329 F. 3d at 1074-75 (A state procedural bar is "independent" if the state court specifically invokes the procedural rule as a basis for its decision.); *Bennett v. Mueller*, 322 F.3d 573, 580 (9th Cir. 2003) ("A state court's application of a procedural rule is not undermined where . . . the state court simultaneously rejects the merits of the claim.").

The Monterey County Superior Court's reliance on the contemporaneous objection rule is an adequate and independent state ground for its holding. This state procedural rule is well established, and the Supreme Court has recognized the validity of the contemporaneous objection requirement as a bar to federal habeas review. *See Wainwright v. Sykes*, 433 U.S. 72, 88 (1977) (describing the benefits of the contemporaneous objection requirement and recognizing it as a valid bar to federal habeas review).

That the decision comes from the Monterey County Superior Court is of no moment, as the California appellate and Supreme courts summarily denied Mr. Mendoza's habeas petitions without comment. *See* Pet. at 30, 31. Where the last reasoned opinion on a claim expressly imposes a procedural bar, federal habeas courts are instructed to presume that a later decision

---

[4] Multiple sister courts within this District have recognized that reliance on *Seaton* is merely an invocation of the contemporaneous objection rule. *See Asturias v. Borders*, No. 16-CV-02149-HSG (PR), 2017 WL 6731646, at *13 (N.D. Cal. Dec. 29, 2017) (The state court's citation to Seaton was a citation to the rule "that a defendant must make a contemporaneous objection at trial in order to preserve an issue on appeal, [which] has been found to be a sufficiently independent and adequate procedural rule to support the denial of a federal petition on grounds of procedural default."); *Crew v. Davis*, No. 12-CV-4259 YGR, 2015 WL 7720737, at *8 (N.D. Cal. Nov. 30, 2015) (finding that the state court's citation to *Seaton* "is a mere recitation of the already existing contemporaneous objection rule"); *Williams v. Woodford*, No. C 04-0966 VRW, 2006 WL 821891, at *5 (N.D. Cal. Mar. 28, 2006) (citing *Seaton* as an example of the contemporaneous objection rule); *Metters v. Randsdell*, No. C03-3994 MHP, 2004 WL 2944056, at *9 (N.D. Cal. Dec. 17, 2004) (same), *aff'd sub nom. Metters v. Ransdell*, 175 F. App'x 833 (9th Cir. 2006).

United States District Court
Northern District of California

1   summarily rejecting the claim did not consider the merits in silent disregard of the procedural bar.

2   *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991) (announcing and explaining this

3   presumption).

4        Mr. Mendoza's vindictive prosecution claim thus is procedurally defaulted.

5        2.        Petitioner Has Not Shown Cause for the Default

6        A petitioner may show cause for a procedural default in limited circumstances, by

7   establishing constitutionally ineffective assistance of counsel or a miscarriage of justice.  *See*

8   *McCleskey v. Zant*, 499 U.S. 467, 494 (1991); *Coleman*, 501 U.S. at 750.  Here, Mr. Mendoza was

9   given the opportunity to oppose Respondent's Dismissal Motion, but did not establish either. [5]

10  Instead, Mr. Mendoza disputes the Monterey County Superior Court's finding that he failed to

11  make a contemporaneous objection to the alleged vindictive prosecution, arguing that trial counsel

12  raised this issue in a motion.[6]  *See* Opp. 10 at 2.  In the Reply, Respondent argues that "[a] federal

13  court may not revisit the issue whether a state procedural bar was properly imposed, which is a

14  question of state law."  Reply at 3.

15       Respondent is correct.  It is well-established that a federal court may not examine whether

16  the state court was correct in finding a claim defaulted.  *See High v. Ignacio*, 408 F.3d 585, 590

17  (9th Cir. 2005) ("This court accepts a state court ruling on questions of state law."); *LaFlamme v.*

---

[5] In his Opposition, Mr. Mendoza baldly states there was a "miscarriage of justice."  Opp. at 5.
However, Mr. Mendoza goes on to argue that there was a "miscarriage of justice" because his
"vindictive claim was raised" in the trial court.  *Id.*  This is a repetition of the argument the Court
rejects herein.

[6] Petitioner provides no evidence to support this assertion.  *See generally*, Opp.  Habeas petitioners
bear the burden to prove, by a preponderance of the evidence, that their custody is unlawful.  *See*
*Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002).  When it comes to fact-finding, if the scales
are evenly balanced then the party with the burden of proof (the petitioner) loses.  *See Simmons v.*
*Blodgett*, 110 F.3d 39, 41-42 (9th Cir. 1997).  The Court cannot assume, without any proof, that
the Monterey County Superior Court made a factual error when it stated that petitioner had failed
to object before the trial court.

     Moreover, the record before the Court suggests that the Monterey County Superior Court
did not err.  In an abundance of caution the Court has searched the record provided by
Respondent, and found no evidence that petitioner's "vindictive claim" was raised to the trial court
in 2019.  *See generally*, MTD, Exs. 6-11.  The only reference to vindictive prosecution in the
record is a claim petitioner raised in state *habeas* proceedings, *see id.*, Ex. 12 at 7, which the
Monterey County Superior Court found barred as described above, *see id.*, Ex. 13 at 26.

United States District Court
Northern District of California

1   *Hubbard*, 225 F.3d 663 at *3 (9th Cir. 2000) (unpublished) ("Federal courts sitting in habeas

2   jurisdiction do not review a state court's application of state law."). Rather, the federal court may

3   only consider whether the state court so held, and whether that holding is based on an adequate

4   and independent state ground.

5          *Martinez v. Ryan*, 926 F.3d 1215 (9th Cir. 2019), is instructive. In that case, a state habeas

6   court found the petitioner's claim of judicial bias had been procedurally defaulted. *See id.* at 1224.

7   The petitioner argued that the state habeas court had erred, so his federal claim ought not to be

8   deemed defaulted. *See id.* The Ninth Circuit held that it "lack[ed] jurisdiction to address that

9   contention." *Id.* Because the grounds relied on by the state court were both independent of

10  federal law and adequate, this "warrant[ed] preclusion of federal review." *Id.* at 1225.

11         Likewise, in *Poland v. Stewart*, the federal district court denied multiple habeas claims as

12  procedurally defaulted. *See* 169 F.3d 573, 583 (9th Cir. 1999) (summarizing the procedural

13  background of the action). On appeal, the petitioner argued that the state trial court had erred in

14  finding claims defaulted, and therefore the federal district court ought not to have found the claims

15  defaulted. *See id.* at 584. The Ninth Circuit rejected this argument because "[f]ederal habeas

16  courts lack jurisdiction . . . to review state court applications of state procedural rules." *Id.* (citing

17  cases from the United States Supreme Court). The Ninth Circuit held that the federal district court

18  "did not err" in rejecting petitioner's claims as procedurally defaulted. *Id. See also Quintero v.*

19  *Stewart*, 121 F. App'x 203, 206–07 (9th Cir. 2005) ("While Quintero asserts that he did not waive

20  his claim," and thus that the state court erred in finding the claim waived, "this issue is beyond our

21  reach. Federal habeas courts lack jurisdiction to review state court applications of state procedural

22  rules."); *LaFlamme*, 225 F.3d 663 at *3 (rejecting an argument that a claim was not procedurally

23  defaulted because the state court erred in applying a procedural bar, and holding that the federal

24  court could not review the state court's application of its own procedural bar).

25         The Monterey County Superior Court found that Mr. Mendoza waived his vindictive

26  prosecution claim pursuant to an adequate and independent state ground. Mr. Mendoza does not

27  establish cause and prejudice for his default. Accordingly, Claim 2 is procedurally defaulted.

28

United States District Court
Northern District of California

10

## IV.   CONCLUSION

For the foregoing reasons, Mr. Mendoza's implied motion for reconsideration of the dismissal of Claim 1 is **DENIED**.  Claim 2 is **DISMISSED** because it was procedurally defaulted. There being no viable claims, Mr. Mendoza's habeas petition is **DISMISSED**.

A certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c).  This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This order disposes of Docket Nos. 6, 9, and 10.


**IT IS SO ORDERED**.


Dated: December 23, 2022

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California

11